**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**RUBEN ESCANO,**

     **Plaintiff,**

**v.**                                                                                   **No. 2:25-cv-00513-JB-JHR**

**VERIFIED DOCU SERVICE, INC. and
JARREN CLORES a/k/a BRANDEN CLORES,**

     **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER FINDING AS MOOT FIRST MOTION TO
EXTEND [DOC. 33], DENYING SECOND MOTION TO EXTEND [DOC. 38], AND
DENYING MOTION TO COMPEL [DOC. 39] AS UNTIMELY</u>**

THIS MATTER comes before the Court on pro se Plaintiff Ruben Escano's Motion for

Extension of Time to File Motion to Compel [Doc. 33] ("first motion to extend") and Second

Motion for Extension of Time to File Motion to Compel [Doc. 38] ("second motion to extend").

Defendants did not respond to the first motion to extend and filed a response to the second motion

to extend [Doc. 40]. Escano filed a reply. [Doc. 49]. The Court, having reviewed the briefing, case

record, and applicable law, FINDS AS MOOT Escano's first motion to extend and DENIES

Escano's second motion to extend. As a result, the Court DENIES Escano's First Motion to

Compel Discovery from Defendants [Doc. 39] ("first motion to compel") as untimely.

**I.        <u>PROCEDURAL BACKGROUND</u>**

Escano filed suit against Defendants on May 9, 2025, in New Mexico state court for

violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., the New Mexico

Unfair Trade Practices Act, NMSA 1978 § 57-12-22, and trespass to chattels. [Doc. 1, at 18–23].

Defendants removed to federal court on June 1, 2025, and answer the complaint on June 6th. [Docs.

1, 3, 4]. The Court issued a scheduling order on September 3, 2025, and the parties began discovery. [Doc. 19].

On November 26, 2025, Escano filed his first motion to extend,[1] arguing he needed additional time to file a motion to compel for discovery requests he served on Defendants on September 3, 2025. [Doc. 33]. Escano requested an extension to December 17, 2025. *Id.* Escano also requested an informal discovery dispute conference the same day he filed the motion. [Doc. 34 text only]. The Court held an informal discovery dispute conference on December 3, 2025. [Doc. 37 text only]. The parties could not reach an agreement, and the Court gave them leave to file appropriate discovery motions. *Id.* On December 17, 2025, Escano filed his second motion to extend. [Doc. 38]. Escano then filed the motion to compel on December 30, 2025. [Doc. 39].

## II.   BRIEFING SUMMARY

In his first motion to extend, Escano argued more time to file his first motion to compel was justified by Defendants' delays in conferral and discovery supplementation. [Doc. 33, at 2]. In addition, Escano requested extension as an accommodation for the discovery dispute conference and the parties' imminent settlement conference. *Id.* at 3. In his second motion to extend, Escano argued that "he [needed] more time to draft argument" on Defendants' robust discovery disclosures and that he intended to "confer again with Defense counsel to possibly resolve some of the discovery issues." [Doc. 38, at 1].

Defendants respond that Escano failed to offer sufficient good cause for an extension under D.N.M.LR-Civ. 26.6. [Doc. 40, at 5]. Defendants point out that Escano did not specify what

---

[1] Escano filed his first motion to extend without first requesting an informal discovery conference as required by the scheduling order. *See* [Doc. 19, at 2] ("Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute. Discovery motions that fail to conform to this requirement may be summarily denied.") (internal quotations omitted). The Court denied a previous discovery motion for Escano's failure to satisfy the conferral requirement of D.N.M.LR-Civ. 7.1. *See* [Doc. 16].

diligent efforts he had made to timely file his motion to compel, why the amount of time he had already received was insufficient, nor conferred with them until a day before his motion to compel would have been due. *Id.* at 6–7. Defendants further argue Escano violated D.N.M.LR-Civ. 7.1(a) by not adequately conferring with them before filing the first motion to compel. *Id.* at 8.

Escano replies that the extension would constitute six additional days, which the District of New Mexico routinely grants and causes no prejudice to Defendants. [Doc. 49, at 5]. Escano restates that Defendants' disclosures were too great to timely review and draft argument. *Id.* at 2. Escano further argues that while he had completed a draft of the motion to compel on December 16th, he needed more time in order to "align his argument" with the undersigned's discovery order in a separate case. *Id.* Finally, Escano contends the fact he did not "immediately" confer with Defendants does not mean he did so insincerely and that these conferral attempts satisfied D.N.M.LR-Civ. 7.1(a). *Id.* at 4–5.

### III.    APPLICABLE LAW

Pursuant to the Court's local rules, a moving party who wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37 must do so within twenty-one days of (1) service of the nonmovant's objections to the discovery sought, or (2) the nonmovant's production of the discovery if they've agreed to do so. D.N.M.LR-Civ. 26.6. However, the Court can extend the deadline for "good cause."[2] *Id.* Good cause requires a showing by the moving party that it could not have met the deadline despite diligent efforts to do so. *Env't Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, No. 16-cv-01056, 2019 WL 6528758, at *4 (D.N.M. Dec. 4, 2019); *Cordova v. BNSF Ry. Co.*, No. 23-cv-00113, 2024 WL 1886416, at *1 (D.N.M. Apr. 30, 2024); *see also Gorsuch, Ltd.,*

---

[2] The Court can also decline enforcement of any local rule in the interest of justice. D.N.M.LR-Civ. 1.7. However, Escano failed to raise that argument and the Court will not *sua sponte* address it. *Env't Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, No. 16-cv-01056, 2018 WL 3216834, at *2 (D.N.M. June 28, 2018).

*B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (interpreting good cause under Fed. R. Civ. P. 16(b)(4)). General factors to consider include what personal efforts the moving party made, whether the need for additional time was foreseeable, whether refusing to grant the extension would create a substantial risk of unfairness, and what possible prejudice the nonmovant may suffer if the court allows the untimely motion to compel. *Env't Dimensions*, 2019 WL 6528758, at *3. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (internal quotation omitted).

## IV.    ANALYSIS

The Court finds that Escano's first motion to extend [Doc. 33] was mooted by the Court's informal discovery dispute conference. Escano requested an extension of his time to file a motion to compel to December 17, 2025. [Doc. 33, at 1]. Defendants never filed a response, consenting to the extension. D.N.M.LR-Civ. 71(b). Furthermore, the Court orally granted leave to Escano to file his motion to compel on December 3, 2025. *See* [Doc. 19, at 2] (requiring informal discovery dispute conference before a motion to compel may be filed). Therefore, Escano's twenty-one-day deadline to file under D.N.M.LR-Civ. 26.6 extended to December 24, 2025.

For the second motion to extend, the Court finds Escano failed to demonstrate good cause. Escano's offers three arguments for why he could not diligently file his motion to compel by December 24, 2025: (1) the size of Defendants' discovery disclosures, (2) his intended conferral with Defendants on resolving their dispute, and (3) unexpected revisions to his motion to compel required by the undersigned's discovery order in a separate case issued on December 1st. [Doc. 38, at 1]; [Doc. 49, at 2–4]. The Court does not find these arguments persuasive.

4

First, Escano received initial and supplemental disclosures from Defendants on October 17, 2025, and had sufficiently reviewed them to raise objections with Defendants' counsel by email on October 21st. [Doc. 39, at 2]. Escano then received supplemental disclosures in response to his objections on November 5th. *Id.* at 3. Thus, Escano had already made significant progress in his review of Defendants' disclosures and formulation of his objections before the informal discovery conference took place. His argument is even less persuasive in light of the fact Escano claims to have finalized the motion by December 16th. [Doc. 49, at 2].

Second, the Court has previously found good cause where parties continued conferring on their discovery dispute. *Cordova*, 2024 WL 1886416, at *2. However, the emails submitted by the parties show their correspondence post-discovery conference largely focused on whether Defendants would agree to a second extension for Escano. [Docs. 40-1, 49-2]. Escano did not raise substantive discovery issues with Defendants' counsel until December 23rd. Thus, the Court cannot find that Escano's attempted conferral constitutes good cause to allow an extension. Finally, Escano's third argument rests on the undersigned's decision in *Carter v. UZGlobal LLC*, issued December 1, 2025, that restated law which has been established in this District for years. *See Carter v. UZGlobal LLC*, No. 23-cv-01013, 2025 WL 3443521, at *3 (D.N.M. Dec. 1, 2025). Even if this decision had recognized new law or a new application of law, it still should not have required multiple additional days to read and incorporate it into a motion to compel.

Escano offers additional arguments about the brevity of the extension and the minimal impact it would have on Defendants. [Doc. 49, at 2–4]. But because Escano failed to demonstrate diligence on his part, the Court is precluded from granting an extension. *See Tesone*, 942 F.3d at 989.

## V.    <u>CONCLUSION</u>

For the reasons above, the Court FINDS AS MOOT Escano's first motion to extend [Doc. 33], DENIES Escano's second motion to extend [Doc. 38], and DENIES Escano's first motion to compel [Doc. 39] as untimely.

IT IS SO ORDERED.

_____
HON. JERRY H. RITTER
United States Magistrate Judge