IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

      Plaintiff,

v.                                                                    No. 2:25-cv-00513-JB-JHR

VERIFIED DOCU SERVICE, INC. and
JARREN CLORES a/k/a BRANDON CLORES,

      Defendants.


### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DOC. 68]

THIS MATTER comes before the Court on Pro Se Plaintiff Ruben Escano's *Plaintiff's Motion for Protective Order and to Quash Subpoena to Verizon Business Network Services, LLC* ("motion for protective order"). [Doc. 68]. Defendants filed a response, [Doc. 74], and Escano filed a reply [Doc. 78]. Having reviewed the briefing, case record, and applicable law, the Court DENIES Escano's motion.

### I.      PROCEDURAL BACKGROUND

Escano filed suit against Defendants on May 9, 2025, in New Mexico state court for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., the New Mexico Unfair Trade Practices Act, NMSA 1978, § 57-12-22, and trespass to chattels. [Doc. 1, at 18–23]. Defendants removed to federal court on June 1, 2025, and answered the complaint on June 6th. [Docs. 1, 3, 4]. The Court issued a scheduling order on September 3, 2025, and the parties began discovery. [Doc. 19].

On February 11, 2026, Escano filed *Plaintiff's Expedited Motion for Protective Order and to Quash Subpoena to Verizon Wireless Services, LLC*. [Doc. 58]. Escano asserted that Defendants had served Verizon Wireless on January 16, 2026, with a facially overbroad subpoena for his

1

phone records. *Id.* Defendants later withdrew the subpoena, and Escano withdrew the motion. [Docs. 72, 77]. On February 10, 2026, Defendants served a new subpoena on Verizon Wireless, seeking Escano's phone records and the phone records of three other numbers from January 1, 2013, to January 1, 2026. [Doc. 68-8, at 2]. Escano filed the instant motion to quash the subpoena and for a protective order in response.

## II.  BRIEFING SUMMARY

Escano argues that Defendants' subpoena for phone records other than the calls he alleges came from Verified Docu Service is improper. [Doc. 68, at 8]. Because he has a cognizable privacy interest in these records, Escano asserts the harm to that interest outweighs the minimal relevance his calls with other parties might have. *Id.* at 8–9. As a result, the subpoena constitutes a "harassing and retaliatory probe." *Id.* at 2. Defendants respond that Escano's motion has been mooted by the fact that they have since withdrawn the second subpoena as well. [Docs. 73, 74]. Escano concedes that the withdrawal moots his request to quash the subpoena, but his request for a protective order pursuant to Rule 26(c) remains live because Defendants refuse to stipulate that they will not serve subpoenas on Verizon Wireless in the future. [Doc. 78, at 1–2].

## III.  APPLICABLE LAW

Courts may limit or prohibit discovery for a variety of reasons, including but not limited to undue expense, needless duplication, or failure to stay within the scope of discovery. Fed. R. Civ. P. 26(b)(2)(C), 26(c)(1). "A party or any person from who discovery is sought" may obtain a protective order if they demonstrate "good cause" that the discovery will inflict "annoyance, embarrassment, oppression, or undue burden or expense" on it. *Id.* 26(c)(1). Good cause requires more than speculation; the movant must make "a particular and specific demonstration of fact" justifying the protective order. *S2 Automation LLC v. Micron Tech., Inc.*, 283 F.R.D. 671, 680

(D.N.M. 2012) (quotation omitted). Courts may grant, deny, or modify protective orders in their discretion. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

## IV. <u>ANALYSIS</u>

The Court finds that there is not good cause for a protective order for Escano's phone records. As Escano concedes, some of his phone records are relevant and subject to discovery. *E.g.*, [Doc. 68, at 3]. And the lack of an active subpoena makes a protective order unnecessary. While Escano argues that Defendants refused to foreclose the possibility of a third subpoena, Escano does not make a particular demonstration of fact that Defendants intend to serve a facially overbroad or otherwise improper one. *See S2 Automation*, 283 F.R.D. at 680. In addition, the Court finds that limiting future discovery to the phone records Escano concedes are discoverable would be premature without briefing on what records Defendants intend to seek or how they may be relevant. Therefore, the Court denies Escano's request for a protective order.

## V. <u>CONCLUSION</u>

For the reasons above, the Court DENIES Escano's motion for protective order. [Doc. 68]. However, if Defendants serve a subsequent subpoena or discovery request for Escano's phone records, Escano has leave of the Court to file a motion for a protective order and/or quash the subpoena without an informal discovery conference.[1]

IT IS SO ORDERED.

HON. JERRY H. RITTER
United States Magistrate Judge

---

[1] This order does not relieve Escano of his duty to first confer with Defendants to attempt to resolve any discovery dispute informally. *See* Fed. R. Civ. P. 26(c)(1).