**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| RUBEN ESCANO,<br><br>Plaintiff,<br><br>v.<br><br>VERIFIED DOCU SERVICE, INC., and JARREN CLORES a.k.a. BRANDON CLORES,<br><br>Defendants. | Case No.: 2:25-cv-00513-SMD-JHR |

**PLAINTIFF'S THIRD MOTION TO**
**COMPEL DISCOVERY FROM DEFENDANTS AND FOR EXPENSES**

In accordance with Fed. R. Civ. P. 37, Plaintiff Ruben Escano respectfully moves the Court for an order compelling discovery answers, responses, and production. Plaintiff also requests his expenses incurred in filing this motion. Plaintiff made a good faith effort to resolve these discovery issues with opposing counsel prior to filing this motion but was unsuccessful.

## I. Relevant Factual and Procedural Background

This civil case is brought under the United States Telephone Consumer Protection Act ("TCPA") and the New Mexico Unfair Practices Act ("UPA") to, *inter alia*, seek statutory damages for dozens of illegal robocalls. Both the TCPA and UPA "generally prohibit robocalls to cell phones and home phones." *Escano v. Insurance Supermarket, Inc.*, Civ. 23-793-MIS/DLM, at 5 (D.N.M. Dec. 29, 2023) (citations omitted). The TCPA "creates a private right of action for persons to sue to enjoin unlawful uses of autodialers and to recover up to $1,500 per violation or three times the plaintiffs' actual monetary losses." *RCI, LLC*, 2022 WL 17251273 at 22–23 (quoting *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163, 1168 (2021)). As alleged in the Complaint,

despite Plaintiff listing his phone number on the National Do Not Call Registry, VDS initiated dozens of robocalls to Plaintiff, promoting VDS's debt consolidation scheme. (Compl. at ¶ 49). During a call, a phone representative told Plaintiff that he was calling from "Verified Docu Service" and sent Plaintiff an email from a VDS email address. (Compl. at ¶ 24).

On September 3, 2025, Plaintiff served his first written discovery requests on VDS and Defendant Jarren Clores ("Clores"), who is President of VDS. (Docs. 39-1, 39-2). On October 17, 2025, after an agreed extension of time, Defendants served their responses to the discovery requests. (Docs. 39-3, 39-4, 39-5, 39-6). On November 5, 2025, after meeting and conferring, Defendants served supplemental discovery responses. (Docs. 39-8, 39-9, 39-10, 39-11). Meanwhile, on September 8, 2025, the Court set a Rule 16 settlement conference for November 21, 2025. (Doc. 20 at 1). However, the day before the settlement conference, on November 20, 2025, the Court vacated the settlement conference, (Doc. 32), informing the parties by email that the conference had to be vacated due to a family emergency and reset for a later date.

On November 18, 2025, Plaintiff notified Defense counsel that Defendants' supplemental responses remained deficient and that Plaintiff would move to compel if the deficiencies were not cured. Defense counsel did not respond. On November 26, 2025, Plaintiff requested a discovery conference concerning the deficiencies in Defendants' responses and supplemental responses to Plaintiff's first discovery requests, (Doc. 34), which the Court held on December 3, 2025. The parties were unable to reach agreement, and the Court granted Plaintiff leave to file a motion to compel. (Doc. 37). On December 17, 2025, Plaintiff moved for a six-day extension of the 21-day deadline to file a motion to compel on the first set of written discovery. (Doc. 38). On December 30, 2025, Plaintiff filed his First Motion to Compel Discovery from Defendants, (Doc. 39), but on

April 27, 2026, the Court denied the motion for extension of time and thus denied the motion to compel as untimely, (Doc. 83).

On April 30, 2026, three days after the Court denied Plaintiff's first motion to compel, Plaintiff served his Fourth Discovery Request to VDS and his Second Discovery Request to Clores, which are attached hereto as **Exhibit A** and **Exhibit B**, respectively. Some of these discovery requests repeated requests from the first motion to compel. On Friday May 29, 2026, VDS and Clores served their Responses to the discovery requests. On June 15, 2026, after a discovery conference, Defendants served Supplemental Responses. On June 16, 2026, VDS and Clores served their second supplemental responses, which are attached hereto as **Exhibit C** and **Exhibit D**, respectively.[1]

## II. Legal Standard

The general scope of discovery is governed by Federal Rule of Civil Procedure 26(b), which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" The Tenth Circuit Court of Appeals has interpreted this language to mean that "the scope of discovery under the federal rules is broad...and that 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995), *quoting Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## III. Argument

### A. The Court should overrule VDS's boilerplate objections.

[1] Plaintiff has highlighted, in red, text that was removed by Defendants between their original response and supplemental response. Text that was added in a supplemental response, has been highlighted in blue.

Virtually all of Defendants objections rely on conclusory statements and are presented without any explanation as to how the objections apply to the discovery requests to which they are offered. Accordingly, the Court should overrule them. As this Court recently found, "boilerplate statements—that a request is overly broad, unduly burdensome, or privileged, for example—will receive 'boilerplate overrulings.'" (Doc. 98) (M.J. Ritter) (quoting *AerSale, Inc. v. City of Roswell*, No. 22-cv-00218, 2023 WL 8005213, at *5 (D.N.M. Nov. 17, 2023)). And although Defendants provided additional objections in some of their supplemental responses (which equate to all but two of the seven discovery responses at issue in this motion), the time to object had passed and so those additional objections, which are underlined in the recitations below, are invalid. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).

"[I]f relevance is either apparent or demonstrated by the requesting party, the objecting party has the burden to prove its objection is justified." *Carter v. UZGlobal LLC*, No. 1:23-cv-01013-MV-JHR, Doc. 164 at 3 (D.N.M. Dec. 1, 2025) (M.J. Ritter), *citing Cardenas v. Dorel Juv. Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005). "Objections must be specific and supported; boilerplate statements—that a request is overly broad, unduly burdensome, or privileged without further explanation, for example— improperly 'conceal from opposing counsel and the court the actual problem with [the] request.'" *Id.*, *quoting Smash Tech., LLC v. Smash Sols.*, LLC, 335 F.R.D. 438, 447 (D. Utah 2020). "While a party can object to discovery requests in full or in part, it cannot preserve its objections by producing discovery 'notwithstanding' or 'without waiving' those objections." *Id.* (citations omitted). "Such objections fail to alert the requesting party or the court to what, if any, responsive material was withheld." *Id.*, *citing Smash Tech.*, 335 F.R.D. at 442. "A party must either disclose fully or (1) object to the discovery request, (2) withhold requested material based on the objection, and (3) clearly state it has done so by 'link[ing] each specific

objection to what was withheld.'" *Id.*, quoting *Smash Tech.*, 335 F.R.D. at 442. Thus, the Court should overrule Defendants' boilerplate objections.

**B. The Court should overrule Defendants' "end-run" objections because Plaintiff timely proceeded under D.N.M.LR-Civ. 26.6 and never accepted Defendants' objections.**

Defendants repeatedly object that Plaintiff is "barred" from seeking discovery because Plaintiff previously served the same or similar discovery and "failed to bring a motion to compel within [the] twenty-one (21) day time period set forth in Local Rule 26.6."[2] That objection misstates both the local rule and the cases on which Defendants rely. D.N.M.LR-Civ. 26.6 does not provide that a discovery objection is accepted unless the requesting party obtains a ruling on a motion to compel within twenty-one days. Nor does it provide that the requesting party forfeits discovery when he timely seeks relief from the Rule 26.6 deadline. The rule provides that a party served with objections to a written discovery request must "proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days" of service of the objection. D.N.M.LR-Civ. 26.6. It further provides that "[f]ailure to proceed within this time period constitutes acceptance of the objection," and expressly authorizes the Court, "on motion by a party," to change the twenty-one-day period for good cause. *Id.*

Plaintiff did proceed. Plaintiff did not ignore Defendants' objections, allow the Rule 26.6 period to lapse, and then attempt to obtain the same discovery through a subpoena or some other collateral device. Plaintiff raised the deficiencies with Defendants, sought a discovery conference, obtained leave to file a motion to compel, and filed a motion seeking a short extension of the Rule 26.6 deadline. (Doc. 38). Plaintiff then filed his motion to compel. (Doc. 39). Although the Court

---

[2] Only three of the seven discovery requests recite the first set of written discovery requests verbatim: Interrogatory No. 22 to VDS (matching Interrogatory No. 4 to VDS), Interrogatory No. 23 to VDS (matching Interrogatory No. 5 to VDS), and Interrogatory No. 13 to Clores (matching Interrogatory No. 9 to Clores). Three other discovery requests are narrower compared to the first written discovery requests: Interrogatory No. 11 to Clores (narrowing Interrogatory No. 9 to Clores), Request for Production No. 8 (narrowing request for Production No. 6 to Clores), and Request for Production No. 9 (narrowing Request for Production No. 7 to Clores). The remaining discovery request at issue here, Request for Production No. 9 to VDS, has never been served on VDS before, despite VDS's objection to the contrary.

later denied the extension request and denied the first motion to compel as untimely, (Doc. 83), that ruling did not transform Plaintiff's conduct into consent to Defendants' objections. Plaintiff never accepted the objections. To the contrary, his filings were an express attempt to preserve and pursue the disputed discovery.

Defendants' authorities, cited in some of its objections, do not support a broader preclusion rule. In *Galaxy Ventures, LLC v. Rosenblum*, the court addressed whether the defendants had waived their right to seek financial information because they failed to timely contest objections to earlier Rule 34 requests and then served subpoenas on a non-party financial institution seeking the same or similar information. No. CIV 03-1236 JH/LFG, 2005 WL 8163815, at *3–5 (D.N.M. Mar. 8, 2005). The court emphasized that the defendants' purported "timely" challenges were letters dated December 7 and December 17, 2004, which "far exceed[ed] the time required to proceed under Rule 37." *Id.* at *5. On those facts, the court found the defendants had consented to the objections and could not use a subpoena to obtain the same financial information. *Id.* *Galaxy* therefore involved a party that did not timely proceed under the local rule and then attempted to use non-party subpoenas as a substitute for timely motion practice. That is not what occurred here.

*Martinez v. Espanola Public Schools* is materially similar to *Galaxy* and materially different from this case. There, the plaintiffs previously sought documents through written discovery, the defendant objected, and the plaintiffs "concede[d] that they did not move to compel." No. CIV 04-737 MCA/LFG, 2006 WL 8572343, at *2 (D.N.M. July 19, 2006). The plaintiffs later attempted to obtain a subset of the same documents through a Rule 30(b)(6) deposition notice and subpoena duces tecum. *Id.* The court held that, when the defendant objected, it was incumbent on the plaintiffs "to either accept the objection or, alternatively, to move to

compel," and that "[b]y not filing a motion to compel, Plaintiffs conceded the objection." *Id.* at *3. Again, the dispositive fact was that the party seeking discovery did not timely invoke the local-rule process and instead attempted to get "via the back door what they did not through the front door." *Id.* Plaintiff here did the opposite: he timely invoked the Court's process and sought a short extension before re-serving discovery after the extension request was denied.

*Lawyers Title Insurance Corp. v. Dragonfly Development, Inc.* is even more explicit on the point. There, the party seeking discovery did not file a timely motion to compel after objections were served and instead used Rule 45 subpoenas as an "alternative method" of obtaining the same documents. No. CIV 08-1215 BB/LFG, 2010 WL 11597606, at *2–4 (D.N.M. Jan. 19, 2010). The court rejected that approach because a party may not let a "time-to-act" provision lapse and then obtain the same discovery through Rule 45. *Id.* at *3. Critically, the court noted that, "[p]rior to the expiration of the twenty-one days," Dragonfly "did not seek to extend the time for filing the motion," nor did it show excusable neglect after the deadline expired. *Id.* That fact distinguishes *Lawyers Title* from this case. Plaintiff did seek an extension. Defendants' cited authority therefore supports Plaintiff's position, not Defendants': the end-run problem arises when a party does not timely move to compel, does not timely seek an extension, and later attempts to use a different procedural device to evade the local rule.

The decision in *Trujillo v. Board of Education of Albuquerque Public Schools* confirms that the Rule 26.6 inquiry is functional: the issue is whether the requesting party accepted the objection or instead timely preserved the dispute for the Court. Nos. CIV 02-1146 JB/LFG & CIV 03-1185 JB/LFG, Mem. Op. & Order at 9–10 (D.N.M. Mar. 12, 2007). There, the party seeking discovery filed its response to a motion for protective order within the twenty-day period, and the court held that the party "did not accept [the other's] objections to discovery and preserved its right to ask the

Court to compel discovery." *Id.* at 10. The court further held there was "no need" to file a separate motion to compel the same discovery that was already the subject of the motion for protective order. *Id.* *Trujillo* thus rejects a mechanical rule that only a completed motion to compel can prevent acceptance of an objection. What matters is whether the party timely proceeded in a manner that preserved the dispute for judicial resolution.

Here, Plaintiff's conduct cannot reasonably be characterized as consent, waiver, or an "end run." Plaintiff timely sought Court involvement, moved for an extension of the Rule 26.6 period, filed a motion to compel, and, after the Court denied the extension request, promptly re-served discovery while discovery remained open, and the limit on the amount of discovery requests had yet to be reached. The present motion is directed to Defendants' new responses and supplemental responses to those re-served discovery requests. Defendants remain free to assert proper, specific objections to the re-served discovery, but they may not avoid answering by converting the Court's prior timeliness ruling into a blanket merits ruling or a permanent discovery bar. Accordingly, the Court should overrule Defendants' objection that Plaintiff is barred from seeking the disputed discovery under the so-called "end-run" doctrine.

### C. <u>The Court should overrule Defendants' objections on work product and attorney-client privilege.</u>

Defendants raise attorney-client and work product for three of the seven discovery requests—Interrogatory No. 23 to VDS, Interrogatory No. 11 to Clores, and Interrogatory No. 13.[3] As to the objections on the grounds of work product, Defendants fails to provide any detail on this objection or why it would apply to an interrogatory. As this Court recently found, "[t]he work product doctrine protects counsel's 'mental impressions, conclusions, opinions, or legal theories

[3] Clores provided attorney-client and work product objections only in its supplemental response to Interrogatory No. 13, which, as explained above makes the objections untimely and thus invalid.

authored in anticipation of litigation,' which covers any documents containing such information. *Carter v. UZGlobal LLC*, No. 1:23-cv-01013-MV-JHR, Doc. 164 at *12, *quoting Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). "However, that concern is not implicated with respect to the facts which are gathered by counsel nor the fact of the work product's creation itself." *Id.*, *citing Dabney*, 73 F.3d at 266. "As a result, the work product doctrine permits the discovery of facts and the documents containing them under certain circumstances." *Id.*, *citing* Fed. R. Civ. P. 26(b)(3)(A).

Moreover, "the necessity to produce a privilege log to support any privilege objection is established law" and "[f]ailure to produce the log may result in the court deeming the privilege waived." Id., citing Dabney, 73 F.3d at 266., and Fed. R. Civ. P. 26(b)(3)(A). Because Defendants have failed to produce a privilege log, Defendants have waived the privilege. *Id.* ("Failure to produce the log may result in the court deeming the privilege waived.").

**D. The Court should overrule Defendants objections invoked under the California Constitution.**

Defendant invokes objections of privacy under the California Constitution for three of the seven discovery requests—Request for Production No. 9 to VDS, and Requests for Production Nos. 8 and 9 to Clores.[4] However, Defendants' objections should be overruled. This is a federal-question TCPA case pending in the District of New Mexico, and Defendants do not identify any federal privilege that categorically shields compensation records from discovery. Federal privilege law governs Plaintiff's federal claims. *See* Fed. R. Evid. 501; *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995) (citing Fed. R. Evid. 501 and explaining that state law governs privilege questions "[a]s to state causes of action"). Nor does the California Constitution supply a

[4] Defendants also object under the U.S. Constitution, but provide no detail as to how the U.S. Constitution applies and the only case cited is a California State Supreme Court case. Additionally, the California case cited was only provided in Defendants' supplemental responses, which means the objections under the California Constitution are invalid because they are untimely, as explained above.

privilege in this Court. Defendants cite to the decades-old case of *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652 (1975), but that is a California state-court decision applying California privacy principles. It does not control discovery in a New Mexico federal TCPA action. At most, Defendants' objection identifies a confidentiality or privacy concern. But a privacy concern is not the same thing as a privilege, and it does not permit a party to withhold relevant discovery wholesale.

**E. The Court should order Defendants to provide complete answers, responses, and production to Plaintiff's discovery requests.**

**1. Prior Complaints Related to Telemarketing**

**Interrogatory No. 22 to VDS:** Identify all written complaints related to illegal telemarketing VDS received at any time from August 24, 2013 to date. Such complaints do not necessarily need to name VDS to be responsive to this request.

**VDS's Response:** VDS objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. VDS further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

* * *

The discovery is relevant and within thin the scope of discovery because prior complaints of illegal telemarketing can establish that a defendant violated the TCPA and UPA willfully or knowingly.

This District has previously awarded treble damages after a plaintiff submitted two prior complaints of a defendant's telemarketing conduct. *Mohon v. Spiller*, 1:22-cv-00108-DHU-LF, Doc. 26 at 12 (D.N.M. Oct. 4, 2023). "The TCPA allows treble damages up to $1,500 for each violation that is committed 'willfully or knowingly.'" *Id.* (quoting *Ace Am. Ins. Co. v. Dish Network, LLC*, 883 F.3d 881, 885 (10th Cir. 2018)). "The UPA also allows treble damages 'up to three times actual damages or three hundred dollars ($300), whichever is greater, to the party complaining of the practice,' if the court finds that a defendant has 'willfully engaged in the [complained of] trade practice.'" *Id.* (quoting N.M. Stat. Ann. § 57-12-10(B)). Thus, the Court should overrule VDS's objections and order it to provide a complete answer.

**Interrogatory No. 13 to Clores:** Identify any consumer complaints, lawsuits, demand letters, or regulatory inquiries relating to telemarketing or the TCPA that you personally handled, reviewed, or were notified of.

**Clores's Supplemental Response (mislabeled as Interrogatory No. 12):**[5] Clores objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Any complaints and the other material has no relevant to whether or not VDS made calls in violation of the Telephone Consumer Protection Act or the New Mexico Unfair Practices Act. Clores further objects to this interrogatory in that it calls for information subject to attorney-client privilege and/or the attorney work product doctrine and is overbroad. Clores also objects to this interrogatory in the grounds that it is vague and ambiguous. Clores further objects to this

[5] In this motion, underlines are added to the recitation of Defendants' supplemental responses to indicate which words were added, when compared to the original discovery response.

interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

* * *

As explained above in regard to the analogous Interrogatory No. 22 to VDS, this discovery is relevant to establishing a knowing and willful violation under the TCPA and UPA. Additionally, whether Clores personally handled, reviewed, or was notified of consumer complaints, lawsuits, demand letters, or regulatory inquiries concerning VDS's telemarketing practices is relevant to establishing Clores's personal liability for VDS's conduct. *See Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 745–46 (D. Md. 2008) (corporate officers may be personally liable under the TCPA where they directly participated in or personally authorized the violative conduct); *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898–99 (W.D. Tex. 2001) (same). Prior warnings or complaints received by Clores would bear directly on whether he knew of the challenged telemarketing practices, personally participated in them, authorized them, ratified their continuation, or failed to implement adequate corrective measures despite notice of the unlawful conduct. Lastly, the requested discovery is relevant to the adequacy of VDS's compliance efforts, if any. Thus, the Court should overrule Clores's objections and order him to provide a complete answer.

**2. <u>Communications Concerning Telemarketing Activities</u>**

**<u>Interrogatory No. 23 to VDS:</u>** Identify all Documents, including Communications, authored or sent at any time from August 24, 2013 to date, referring to matters of compliance or noncompliance

with laws or policies restricting telemarketing, including the TCPA and Section 57-12-22 of the New Mexico Unfair Practices Act.

**VDS's Response:** VDS objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. VDS further objects to this interrogatory in that it is overbroad and vague and ambiguous. VDS also objects to this interrogatory on the grounds that it requests information subject to attorney-client privilege and the attorney-work product doctrine. VDS additionally objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

* * *

The discovery sought is relevant to establishing knowledge and intent under the TCPA and UPA. The discovery will show how VDS understood its obligations under the TCPA, the UPA, and other telemarketing restrictions; what compliance or noncompliance issues were raised internally; what corrective measures, if any, were considered or implemented; and whether VDS continued the challenged telemarketing practices despite knowledge of legal restrictions or compliance concerns. That evidence bears directly on whether VDS's violations were knowing or willful, whether any asserted compliance program was meaningful or merely nominal, and whether VDS took reasonable steps to prevent unlawful telemarketing calls.

Courts recognize that TCPA compliance materials and communications are relevant to willfulness and knowledge. In *Edeh v. Midland Credit Management, Inc.*, the court explained that information concerning a TCPA defendant's policies and procedures to avoid violating the TCPA and what the defendant told its employees about the TCPA was relevant to whether the defendant's violation was knowing or reckless. 748 F. Supp. 2d 1030, 1045 (D. Minn. 2010). Similarly, in *Meredith v. United Collection Bureau, Inc.*, the court held that "[i]nformation about defendant's policies, procedures, and actual practices . . . is relevant to whether defendant's alleged TCPA violation was knowing or reckless." No. 1:16-cv-01102-PAG, Doc. 25, at 8–9 (N.D. Ohio Nov. 10, 2016). The same reasoning applies here. Communications concerning telemarketing compliance or noncompliance will show whether VDS knew its calling practices were unlawful, whether it received warnings about those practices, whether it instructed employees or agents to comply with the law, whether it ignored compliance problems, and whether it had any good-faith basis for the conduct at issue. Thus, the Court should overrule VDS's objections and order VDS to provide a complete answer to Interrogatory No. 23.

**Interrogatory No. 11 to Clores:** Identify all Communications you have made, from August 24, 2013 to the present, concerning telemarketing, telephone solicitation practices, or compliance with the TCPA.

**Clores's Supplemental Response:** Clores objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Any communications made by Clores has no relevant to whether or not VDS made calls in violation of the Telephone Consumer Protection Act or the New

Mexico Unfair Practices Act. Clores further objects to this interrogatory in that it calls for information subject to attorney-client privilege and/or the attorney work product doctrine and is overbroad. Clores also objects to this interrogatory in the grounds that it is vague and ambiguous. Clores further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

* * *

This discovery is relevant because it directly tests Clores's claimed lack of involvement in telemarketing. Clores testified that he has never worked in telemarketing. *See* Deposition of Jarren Clores, attached hereto as **Exhibit E**, at 39:8–9. If Clores made communications concerning telemarketing, telephone solicitation practices, or TCPA compliance, those communications would bear directly on the credibility and completeness of that testimony, his knowledge of VDS's telemarketing activities, his personal participation in or authorization of the challenged conduct, and whether any violation was knowing or willful. Clores's position that his own communications have no relevance because the case concerns calls made by VDS is incorrect. Plaintiff alleges that Clores is individually liable for VDS's conduct, and discovery concerning Clores's own communications about telemarketing and TCPA compliance is probative of his knowledge, role, authority, and involvement. Nor does Clores's blanket privilege objection justify refusing to answer. Plaintiff does not seek privileged legal advice, and to the extent Clores contends that any

particular responsive communication is protected by the attorney-client privilege or work-product doctrine, he must identify it on a privilege log rather than withhold all responsive information based on a categorical objection. Thus, the Court should overrule Clores's objections and order him to provide a complete answer.

**3. Revenue and Payments Tied to Telemarketing Activities**

**Request for Production No. 9 to VDS:** Produce documents sufficient to show all compensation paid or awarded by VDS, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**VDS's Supplemental Response:** VDS objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. VDS' payroll information and the personal financial information of third-parties regarding compensation is not relevant to whether or not the calls were made to Plaintiff or whether the calls violated the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. VDS further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. The interrogatory is intelligible and vague and ambiguous in that the interrogatory fails to explain how compensation would be tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities. VDS also objects to this document request on the grounds that it seeks documents subject to the California Constitution's and the United States Constitution's

right to privacy and seeks third-party personal and confidential financial information. *Valley Bank of Nevada v. Superior Ct.,* 15 Cal.3d 652, 656 (1975). VDS further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

* * *

The requested documents are relevant because they test VDS's claimed relationship to telemarketing revenue and compensation. Plaintiff does not seek all payroll records or all personal financial information; he seeks only documents sufficient to show compensation dependent on telemarketing activity, including telemarketing-generated leads. That information bears on whether VDS financially benefited from the challenged telemarketing practices, whether VDS incentivized employees, agents, contractors, or third parties to generate telemarketing leads or calls, and whether VDS's business structure encouraged the unlawful conduct alleged in this case. The request is also intelligible: it seeks compensation arrangements linked in any way to telemarketing revenue. Thus, the Court should overrule VDS's objections and order production.

**Request for Production No. 8 to Clores:** Produce documents sufficient to show all compensation paid or awarded to you, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**Clores's Supplemental Response:** Clores objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Clores' personal financial information regarding compensation he received is not relevant to whether or not the calls were made to Plaintiff or whether the calls violated the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Clores further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. The interrogatory is intelligible and vague and ambiguous in that the interrogatory fails to explain how compensation would be tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities. Clores also objects to this document request on the grounds that it seeks documents subject to the California Constitution's and the United States Constitution's right to privacy and seeks third-party personal and confidential financial information. *Valley Bank of Nevada v. Superior Ct.*, 15 Cal.3d 652, 656 (1975). Clores further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

* * *

The discovery is relevant to establishing Clores's knowledge, financial interest, and personal involvement in the telemarketing activity underlying VDS's business, or the business of VDS's agents. Plaintiff does not seek all of Clores's personal financial records; he seeks only documents sufficient to show compensation paid or awarded to Clores that was tied to telemarketing activity, including telemarketing-generated leads. If Clores personally received compensation tied to telemarketing revenue, that evidence would bear directly on whether he knew of the telemarketing practices at issue. It would also test Clores's claimed lack of involvement in telemarketing and the credibility of any assertion that VDS's business was unrelated to telemarketing. The request is not unintelligible or vague: it asks for documents showing compensation linked, in whole or in part, to telemarketing-derived revenue. The discovery is also relevant to knowing and willful violations under the TCPA and UPA, including whether Clores and VDS continued to profit from telemarketing activity despite knowledge of compliance issues. Thus, the Court should overrule Clores's objections and order him to produce responsive documents.

**Request for Production No. 9 to Clores:** Produce documents sufficient to show all compensation paid, awarded, or authorized by you to others, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**Clores's Supplemental Response:** Clores objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. VDS's payroll and financial information regarding

compensation paid to its employees and others not relevant whether the calls alleged calls violated the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Clores further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. The interrogatory is intelligible and vague and ambiguous in that the interrogatory fails to explain how compensation would be tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities. Clores also objects to this document request on the grounds that it seeks documents subject to the California Constitution's and the United States Constitution's right to privacy and seeks third-party personal and confidential financial information. *Valley Bank of Nevada v. Superior Ct.,* 15 Cal.3d 652, 656 (1975). Clores further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

* * *

The requested documents are relevant because they concern compensation Clores paid to others based on telemarketing-derived revenue, which would include sales commissions. Plaintiff does not seek all of VDS's payroll records. He seeks only documents sufficient to show compensation arrangements tied to telemarketing activity, including telemarketing-generated leads. If Clores paid others compensation based on telemarketing revenue, that evidence would bear directly on his knowledge of the telemarketing activity, his authority over the persons or

entities performing that activity, his personal participation in or ratification of the conduct, and the agency relationship between VDS, Clores, and any agents involved in the calls. It would also test Defendants' contention that the alleged calls are disconnected from VDS's business operations. The request is intelligible and narrowly targeted to compensation linked to telemarketing revenue. Thus, the Court should overrule Clores's objections and order him to produce responsive documents.

### F. The Court should order Defendants to pay Plaintiff's reasonable expenses incurred in making this motion.

Rule 37 provides that if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, the Court "must" require the party whose conduct necessitated the motion, the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, unless the movant failed to confer in good faith, the nondisclosure or objection was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Moreover, Rule 37 also treats an evasive or incomplete answer as a failure to answer. Fed. R. Civ. P. 37(a)(4).

None of the exceptions apply here. Plaintiff attempted in good faith to resolve these issues before filing this motion. Defendants' discovery positions were not substantially justified for at least three reasons. First, Defendants' relevance, overbreadth, and vagueness objections are boilerplate. They recite conclusions without explaining how any objection applies to the specific request, contrary to this Court's directives that boilerplate objections are improper. An objection that fails to carry the objecting party's burden of specificity cannot be substantially justified. Second, Defendants' attorney-client privilege and work-product objections to Interrogatories Nos. 23 (VDS) and 11 and 13 (Clores) were asserted without a privilege log and without identifying any withheld communication. Clores raised privilege as to Interrogatory No. 13 for the first time in a

supplemental response, after it was waived. Asserting privilege while concealing what, if anything, is being withheld is precisely the practice this Court condemned in *Carter*. Third, Clores's relevance objection to Interrogatory No. 11 is belied by his own conduct: he testified that he did not work in telemarketing. Clores cannot deny the substance of a subject and simultaneously maintain that discovery testing his denial is irrelevant. Thus, the Court should order Defendants to pay Plaintiff's reasonable expenses in making this motion.

## IV. Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court compel the requested discovery and award Plaintiff his reasonable expenses incurred in making this motion.

Dated this 7th day of July 2026.

Respectfully submitted,

By: */s/ Ruben J. Escano*

**Ruben J. Escano**, *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
rubenescano@gmail.com
(201) 527-8938

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 7th day of July 2026, the foregoing was filed electronically through the CM/ECF system, causing all parties or counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

Dated: July 7, 2026

By: */s/ Ruben J. Escano*
**Ruben J. Escano**, *pro se*