# **EXHIBIT A**

Plaintiff's Fourth Discovery Request to VDS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| RUBEN ESCANO,<br><br>Plaintiff,<br><br>v.<br><br>VERIFIED DOCU SERVICE, INC., and JARREN CLORES a.k.a. BRANDON CLORES,<br><br>Defendants. | Case No.: 2:25-cv-00513-JB-JHR |

**PLAINTIFF'S FOURTH DISCOVERY**
**REQUEST TO DEFENDANT VERIFIED DOCU SERVICE, INC.**

Plaintiff Ruben Escano, undersigned, serves his Third Discovery Request to Defendant Verified Docu Service, Inc. ("VDS"), in accordance with Federal Rules of Civil Procedure 33, 34, and 36, as follows:

## INSTRUCTIONS

1. An officer or agent of VDS (hereinafter, the "Designated Agent") should answer separately and in writing under oath each Interrogatory in accordance with Fed. R. Civ. P. 33. Pursuant to Rule 33, the Designated Agent is required to serve a copy of his responses on Plaintiff within 30 days.

2. All documents produced shall be stamped with a Bates number. All documents shall also be labeled or organized in a way that clearly indicates to which numbered request the document is responsive.

3. In answering the Interrogatories, the Designated Agent shall provide all information available to VDS including information in the possession of its attorneys,

investigators, and all persons acting on its behalf. If the Designated Agent cannot answer any particular Request or portion thereof based upon a lack of knowledge, answer the Request to the best of VDS's ability and (a) identify any Documents which might contain information relevant to the answer sought; and (b) identify any person who may have knowledge of information relevant to the answers sought.

4. If VDS objects to a Request, the Designated Agent shall specifically identify the objection and the portion of the Request to which it is directed. If VDS objects to a portion of a Request, the Designated Agent shall answer or respond to the remainder.

5. In answering each Request, the Designated Agent shall identify with specificity all documents expressly referred to in VDS's answer, and all documents reviewed in preparing VDS's answer.

6. If any requested document cannot be produced in full, the Designated Agent shall produce it to the extent possible, specifying each reason for VDS's inability to produce the remainder and stating whatever information, knowledge, or belief VDS has concerning the non-produced portion. If any document identified in an answer to a Request was, but no longer is, in VDS's possession or subject to VDS's custody or control or was known to VDS but is no longer in existence, the Designated Agent shall describe fully what became of the document. If any information or document responsive to any Request is withheld based on any claim of privilege or otherwise, the Designated Agent shall state the following in a privilege log: (a) date of the document; (b) author of the document; (c) addressee of the document; (d) type of document (*i.e.*, record, letter, statement); (e) nature of privilege claimed; and (f) identity of all persons who have had access to or received copies of the document.

7. Wherever used, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular. The feminine shall be deemed to include the masculine, and the masculine shall be deemed to include the feminine. The disjunctive "or" shall be deemed to include the conjunctive "and," and the conjunctive "and" shall be deemed to include the disjunctive "or." Each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

8. Each request carries a continuing obligation to supplement prior responses, answers, or productions in the event new or additional information is learned making a prior response, answer, or production incomplete or inaccurate.

## DEFINITIONS

1. "Request(s)" refers to any Interrogatory, Request for Production, or Request for Admission served in this discovery or subsequent discovery.

2. "VDS" shall mean Verified Docu Service, Inc.; and/or any parent, affiliate, subsidiary, related company, or predecessors in interest; as well as all current and former agents, employees, attorneys, investigators, consultants, shareholders, board members, and other persons or entities acting for this person or entity.

3. "Communication(s)" shall be interpreted in the broadest sense and shall include any manner or means of disclosure, transfer, exchange, or conveyance of information to any person, including any conversation, discussion, letter, memorandum, electronic mail, text messages, facsimile transmission, note, instant messages, direct messages, meeting, or other transfer of information whether oral or written or by any other means, and includes any document (as defined above) that abstracts, digests, transcribes, memorializes, or records any communication, including recordings of telephone calls, telephone messages or any other mode of communication.

4. "Describe" shall mean to provide all information relating to the subject matter of the Request, including all dates and descriptions of events, oral communications and meetings (including the identity of all participants), identities of persons with knowledge of the facts, and the identity of all documents that reflect, refer, or contain information concerning the Request.

5. "Document" or "Documents" shall be interpreted in the broadest sense and shall include all papers, letters, correspondence, text messages, communications, memoranda, notes, pamphlets, billing records, reports, financial reports, ledgers, studies, books, diaries, logs, calendars, journals, working papers, notices, contracts, agreements, meeting minutes, analyses, calculations, invoices, accounting entries, advertisements, drawings, graphs, data sheets, tapes, sound recordings, videographic recordings, digital recordings, digital records, and every manner of written, printed, recorded, photographic, magnetic, electric, electronic or computer entry, including electronic mail (email), however any of the above may be produced, reproduced, reduced, enlarged, recorded, stored, transcribed, or received—and all copies, duplicates, facsimiles, or transmittals of the foregoing.

6. "Identify"

a. when used in reference to a person or corporate entity, shall mean to state that person's (or their agent's) full name and present or last known physical address; email address; business, residential, and cellular telephone number(s); and affiliation to the matter;

b. when used in reference to a Document, shall mean to state the date of authorship or origination, the identity of the author or originator, the identity of each person to whom the original or copy was addressed, delivered, or who otherwise received a copy, the nature of the Document (e.g., letter, memorandum, email, fax, etc.), and/or the Bates Number of the Document, to the extent the document has been disclosed and contains such information;

c. when used in reference to a Communication, shall mean to state the date and time of such Communication; the type of Communication (phone call, videoconference, in-person meeting, letter, email, text, etc.); who initiated the Communication; all participants in the Communication, including the information described in 12(a); the content of such Communication, and any Documents related to such Communication, including calendar entries, agendas, notes, emails, texts, or other written memorializations of such Communications.

## INTERROGATORIES

**Interrogatory No. 22:** Identify all written complaints related to illegal telemarketing VDS received at any time from August 24, 2013 to date. Such complaints do not necessarily need to name VDS to be responsive to this request.

**Answer:**

**Interrogatory No. 23:** Identify all Documents, including Communications, authored or sent at any time from August 24, 2013 to date, referring to matters of compliance or noncompliance with laws or policies restricting telemarketing, including the TCPA and Section 57-12-22 of the New Mexico Unfair Practices Act.

**Answer:**

**Interrogatory No. 24:** Identify all individuals and entities who at any time between August 24, 2013 to present, were provided with a copy of the document produced by VDS in discovery and labeled with Bates Nos. DEFENDANTS-1 to DEFENDANTS-3.

**Answer:**

## REQUESTS FOR PRODUCTION

**Request for Production No. 9:** Produce documents sufficient to show all compensation paid or awarded by VDS, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**Response:**

**Request for Production No. 10:** Produce documents sufficient to show all of VDS's revenue, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on telemarketing activities (including revenue from leads generated via telemarketing).

**Response:**

Dated this 30th day of April 2026.

Respectfully submitted,

*/s/ Ruben J. Escano*

**Ruben J. Escano,** *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
rubenescano@gmail.com
(201) 527-8938

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I caused a true and correct copy of the foregoing to be served upon counsel of record by e-mail.

Dated: April 30, 2026

*/s/ Ruben J. Escano*

**Ruben J. Escano,** *pro se*