# **EXHIBIT B**

Plaintiff's Second Discovery request to Clores

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RUBEN ESCANO,

Plaintiff,

v.

VERIFIED DOCU SERVICE, INC., and JARREN CLORES a.k.a. BRANDON CLORES,

Defendants.

Case No.: 2:25-cv-00513-JB-JHR

**PLAINTIFF'S SECOND DISCOVERY**
**REQUEST TO DEFENDANT JARREN CLORES**

Plaintiff Ruben Escano, undersigned, serves his First Discovery Request to Defendant Jarren Clores ("Clores"), in accordance with Federal Rules of Civil Procedure 33, 34, and 36, as follows:

**INSTRUCTIONS**

1. You should answer separately and in writing under oath each Interrogatory in accordance with Fed. R. Civ. P. 33. You are required to serve a copy of your responses on Plaintiff within 30 days.

2. You should produce all documents in your possession, custody, or control for inspection and copying in accordance with Fed. R. Civ. P. 34 within 30 days after the Requests for Production are served, at the offices of Plaintiff at 2311 Ranch Club Rd, Suite 2-180, Silver City, NM 88061, or at such other time and location as agreed by the parties.

3. All documents produced shall be stamped with a Bates number. All documents shall also be labeled or organized in a way that clearly indicates to which numbered request the document is responsive.

4. In answering the Interrogatories, you shall provide all information available to you including information in the possession of your attorneys, investigators, and all persons acting on your behalf. If you cannot answer any particular Request or portion thereof based upon a lack of knowledge, answer the Request to the best of your ability and (a) identify any Documents which might contain information relevant to the answer sought; and (b) identify any person who may have knowledge of information relevant to the answers sought.

5. If you object to a Request, you shall specifically identify the objection and the portion of the Request to which it is directed. If you object to a portion of a Request, you shall answer or respond to the remainder.

6. In answering each Request, you shall identify with specificity all documents expressly referred to in your answer, and all documents reviewed in preparing your answer.

7. If any requested document cannot be produced in full, the you shall produce it to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the non-produced portion. If any document identified in an answer to a Request was, but no longer is, in your possession or subject to your custody or control or was known to you but is no longer in existence, the you shall describe fully what became of the document. If any information or document responsive to any Request is withheld based on any claim of privilege or otherwise, you shall state the following in a privilege log: (a) date of the document; (b) author of the document; (c) addressee of the document; (d) type

of document (i.e., record, letter, statement); (e) nature of privilege claimed; and (f) identity of all persons who have had access to or received copies of the document.

8. Wherever used, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular. The feminine shall be deemed to include the masculine, and the masculine shall be deemed to include the feminine. The disjunctive "or" shall be deemed to include the conjunctive "and," and the conjunctive "and" shall be deemed to include the disjunctive "or." Each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

9. Each request carries a continuing obligation to supplement prior responses, answers, or productions in the event new or additional information is learned making a prior response, answer, or production incomplete or inaccurate.

**DEFINITIONS**

1. "Request(s)" refers to any Interrogatory, Request for Production, or Request for Admission served in this discovery or subsequent discovery.

2. "VDS" shall mean Verified Docu Service, Inc.; and/or any parent, affiliate, subsidiary, related company, or predecessors in interest; as well as all current and former agents, employees, attorneys, investigators, consultants, shareholders, board members, and other persons or entities acting for this person or entity.

3. "TCPA" shall mean the U.S. Telephone Consumer Protection Act and implementing regulations.

4. As used herein, "Litigation" shall mean and refers to the New Mexico state court lawsuit captioned as *Ruben Escano v. Verified Docu Service, Inc.*, Case No. 2:25-cv-00513-JB-JHR.

5. "Complaint" shall mean the operative complaint in this Litigation.

6. "Communication(s)" shall be interpreted in the broadest sense and shall include any manner or means of disclosure, transfer, exchange, or conveyance of information to any person, including any conversation, discussion, letter, memorandum, electronic mail, text messages, facsimile transmission, note, instant messages, direct messages, meeting, or other transfer of information whether oral or written or by any other means, and includes any document (as defined above) that abstracts, digests, transcribes, memorializes, or records any communication, including recordings of telephone calls, telephone messages or any other mode of communication.

7. "Describe" shall mean to provide all information relating to the subject matter of the Request, including all dates and descriptions of events, oral communications and meetings (including the identity of all participants), identities of persons with knowledge of the facts, and the identity of all documents that reflect, refer, or contain information concerning the Request.

8. "Document" or "Documents" shall be interpreted in the broadest sense and shall include all papers, letters, correspondence, text messages, communications, memoranda, notes, pamphlets, billing records, reports, financial reports, ledgers, studies, books, diaries, logs, calendars, journals, working papers, notices, contracts, agreements, meeting minutes, analyses, calculations, invoices, accounting entries, advertisements, drawings, graphs, data sheets, tapes, sound recordings, videographic recordings, digital recordings, digital records, and every manner of written, printed, recorded, photographic, magnetic, electric, electronic or computer entry, including electronic mail (email), however any of the above may be produced, reproduced, reduced, enlarged, recorded, stored, transcribed, or received—and all copies, duplicates, facsimiles, or transmittals of the foregoing.

9. "Identify"

a. when used in reference to a person or corporate entity, shall mean to state that person's (or their agent's) full name and present or last known physical address; email address; business, residential, and cellular telephone number(s); and affiliation to the matter;

b. when used in reference to a Document, shall mean to state the date of authorship or origination, the identity of the author or originator, the identity of each person to whom the original or copy was addressed, delivered, or who otherwise received a copy, the nature of the Document (e.g., letter, memorandum, email, fax, etc.), and/or the Bates Number of the Document, to the extent the document has been disclosed and contains such information;

c. when used in reference to a Communication, shall mean to state the date and time of such Communication; the type of Communication (phone call, videoconference, in-person meeting, letter, email, text, etc.); who initiated the Communication; all participants in the Communication, including the information described in 12(a); the content of such Communication, and any Documents related to such Communication, including calendar entries, agendas, notes, emails, texts, or other written memorializations of such Communications.

## INTERROGATORIES

**Interrogatory No. 10:** Identify all corporations, limited liability companies, partnerships, or other business entities for which you serve or have served as an officer, director, owner, or managing member at any time between August 24, 2013 to present. For each entity, state your title or position, the dates you held that position, and the entity's principal place of business.

**Answer:**

**Interrogatory No. 11:** Identify all Communications you have made, from August 24, 2013 to the present, concerning telemarketing, telephone solicitation practices, or compliance with the

TCPA.

**Answer:**

**Interrogatory No. 12:** Describe your knowledge of the requirements of the TCPA and other federal or state telemarketing laws or regulations, including how and when you acquired such knowledge and how it was applied to VDS's operations.

**Answer:**

**Interrogatory No. 13:** Identify any consumer complaints, lawsuits, demand letters, or regulatory inquiries relating to telemarketing or the TCPA that you personally handled, reviewed, or were notified of.

**Answer:**

## REQUESTS FOR PRODUCTION

**Request for Production No. 8:** Produce documents sufficient to show all compensation paid or awarded to you, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**Response:**

**Request for Production No. 9:** Produce documents sufficient to show all compensation paid, awarded, or authorized by you to others, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**Response:**

Dated this 30th day of April 2026.

Respectfully submitted,

*/s/ Ruben J. Escano*

**Ruben J. Escano,** *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
rubenescano@gmail.com
(201) 527-8938

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30th, 2026, I caused a true and correct copy of the foregoing to be served upon counsel of record by e-mail.

Dated: April 30, 2026

*/s/ Ruben J. Escano*

**Ruben J. Escano,** *pro se*