# EXHIBIT C

# VDS's Second Supplemental Response

Brent R. Phillips (NM Federal Bar No. 23-268)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendants
VERIFIED DOCU SERVICE, INC. and
JARREN CLORES

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**(LAS CRUCES DIVISION)**

| | |
|---|---|
| RUBEN ESCANO;<br><br>Plaintiff;<br><br>v.<br><br>VERIFIED DOCU SERVICE, INC. a State of California corporation; and JARREN CLORES a.k.a. BRANDON CLORES, an individual;<br><br>Defendants. | **Case No.: 2:25-cv-00513-GBW-JHR** |

**DEFENDANT VERIFIED DOCU SERVICE, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF RUBEN ESCANO'S FOURTH DISCOVERY REQUEST**

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff RUBEN ESCANO |
| RESPONDING PARTY: | Defendant VERIFIED DOCU SERVICE INC. |
| SET NO.: | Four (4) |

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 22:**

Identify all written complaints related to illegal telemarketing VDS received at any time from August 24, 2013 to date. Such complaints do not necessarily need to name VDS to be responsive to this request.

**RESPONSE TO INTERROGATORY NO. 22:**

VDS objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. VDS further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**INTERROGATORY NO. 23:**

Identify all Documents, including Communications, authored or sent at any time from August 24, 2013 to date, referring to matters of compliance or noncompliance with laws or policies restricting telemarketing, including the TCPA and Section 57-12-22 of the New Mexico Unfair Practices Act.

**RESPONSE TO INTERROGATORY NO. 23:**

VDS objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or

defenses. VDS further objects to this interrogatory in that it is overbroad and vague and ambiguous. VDS also objects to this interrogatory on the grounds that it requests information subject to attorney-client privilege and the attorney-work product doctrine. VDS additionally objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**INTERROGATORY NO. 24:**

Identify all individuals and entities who at any time between August 24, 2013 to present, were provided with a copy of the document produced by VDS in discovery and labelled with Bates Nos. DEFENDANTS-1 to DEFENDANTS-3.

**RESPONSE TO INTERROGATORY NO. 24:**

VDS objects to this interrogatory on the grounds that it is overbroad and seeks information the is not relevant to a party's claims or defenses. Subject to and without waiving stated objections, VDS responds as follows: VDS has conducted a reasonable investigation and made a diligent inquiry to locate the information responsive to this interrogatory but lacks sufficient information to fully respond to this interrogatory in that VDS did not document the identities of all individuals who were provided a copy of VDS' TCPA compliance policies. Based on the information available to VDS, VDS' provided its employees, and other persons and entities that requested a copy of the TCPA compliance policies.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

VDS objects to this interrogatory on the grounds that it is overbroad and seeks information the is not relevant to a party's claims or defenses. Subject to and without waiving stated objections, VDS responds as follows: VDS has conducted a reasonable investigation and made a diligent inquiry to locate the information responsive to this interrogatory but lacks sufficient information to fully respond to this interrogatory in that VDS did not document the identities of all individuals who were provided a copy of VDS' TCPA compliance policies. This search included reviewing VDS' files. VDS has no current employees who would have information responsive to this interrogatory. Based on the information available to VDS, VDS' provided its employees and other people as well as other persons and entities that requested a copy of the TCPA compliance policies. These people included: Abbi Swami, 2101 Business Center Drive, Irvine California 92612, telephone number (949) 386-4024; Johnathan Miller; Jacob Perez; Josh Gomez; Mason Alexander; Nancy Garcia; and Christian Powell. VDS reviewed its files and does not have the contact information for persons other than Abbi Swami. VDS has no current employees who would have the contact information responsive to this interrogatory.

**RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 9:**

Produce documents sufficient to show all compensation paid or awarded by VDS, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

VDS objects to this document request on the grounds that it is outside the scope of

discovery allowed under Rule 26 in that it requests documents and information that are not relevant to any party's claims or defenses. VDS further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. VDS also objects to this document request on the grounds that it seeks documents and information subject to the California Constitution's and the United States Constitution's right to privacy. VDS additionally objects to this document request in that it seeks VDS' and third-parties' personal, confidential and proprietary documents and information. VDS further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

VDS objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. VDS' payroll information and the personal financial information of third-parties regarding compensation is not relevant to whether or not the calls were made to Plaintiff or whether the calls violated the Telephone Consumer Protection Act and the New Mexico Unfair

Practices Act. VDS further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. The interrogatory is intelligible and vague and ambiguous in that the interrogatory fails to explain how compensation would be tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities. VDS also objects to this document request on the grounds that it seeks documents subject to the California Constitution's and the United States Constitution's right to privacy and seeks third-party personal and confidential financial information. *Valley Bank of Nevada v. Superior Ct.,* 15 Cal.3d 652, 656 (1975). VDS further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**REQUEST FOR PRODUCTION NO. 10:**

Produce documents sufficient to show all of VDS's revenue, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on telemarketing activities (including revenue from leads generated via telemarketing).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

VDS objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests documents and information that are not relevant to any party's claims or defenses. VDS further objects to this document request in that it is

completely unintelligible, overbroad and vague and ambiguous. VDS also objects to this document request on the grounds that it seeks documents and information subject to the California Constitution's and the United States Constitution's right to privacy. VDS additionally objects to this document request in that it seeks VDS' and third-parties' personal, confidential and proprietary documents and information. VDS further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

VDS objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Information regarding its revenue is not relevant to whether or not the calls were made to Plaintiff or whether the calls violated the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. VDS further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. The interrogatory is intelligible and vague and ambiguous in that the interrogatory fails to explain how revenue would be tied to,

calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities.

Furthermore, has no revenue tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities. VDS' revenue is tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on document preparation. Even if VDS did have such revenue the documents subject to the California Constitution's and the United States Constitution's right to privacy and need not be disclosed. *Valley Bank of Nevada v. Superior Ct.,* 15 Cal.3d 652, 656 (1975). VDS further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

PHILLIPS LAW CORPORATION

DATED: June 16, 2026

By: Brent R. Phillips

Brent R. Phillips (NM Federal Bar No. 23-268)
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92701
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant Verified Docu Service, Inc. and Defendant Jarren Clores

**VERIFICATION**

I am President of Verified Docu Service. I am authorized to make this verification and have read the foregoing VERIFIED DOCU SERVICE, INC.'S RESPONSES TO RUBEN ESCANO'S INTERROGATORIES and know its contents. I am informed and believe and, on that ground, state that the matters stated in the foregoing document are true.

Executed on June 16, 2026, at Anaheim, California. I declare under the penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

By: *Jarren Clores*

Jarren Clores

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 105, Santa Ana, California 92705.

June 16, 2026, I served the documents listed below:

**DEFENDANT VERIFIED DOCU SERVICE INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF RUBEN ESCANO'S FOURTH DISCOVERY REQUEST**

☐ [MAIL] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Ana, California addressed as set forth on the attached service list.

☐ [OVERNIGHT] by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by

☐ OVERNITE EXPRESS ☐ FEDEX at PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 105, Santa Ana, CA 92705, in accordance with PHILLIPS LAW CORPORATION's ordinary business practices.

☐ [PERSONAL] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ [ELECTRONIC MAIL] by transmitting via electronic mail the document(s) listed above to the electronic mail address(es) set forth below.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 801 Parkcenter Drive, Suite 105, Santa Ana, California 92705 in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**PLEASE SEE ATTACHED SERVICE LIST**

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on June 16, 2026, at Santa Ana, California.

Brent R. Phillips
Brent Phillips

| **SERVICE LIST**<br>Ruben Escano v. Verified Docu Service, Inc., et al.<br>United States District Court for the District of New Mexico<br>Case No.: 2:25-cv-00513-GBW-JHR | |
|---|---|
| Ruben Escano, Pro Se<br>2311 Ranch Club Road, Suite 2-180<br>Silver City, NM 88061<br>Tel: (201) 527-8938<br>E-mail: rubenescano@gmail.com | Attorneys for:<br>**Pro Se** |