# EXHIBIT D

Clores's Second Supplemental Response

Brent R. Phillips (NM Federal Bar No. 23-268)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendants
VERIFIED DOCU SERVICE, INC. and
JARREN CLORES

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**(LAS CRUCES DIVISION)**

RUBEN ESCANO;

Plaintiff;

v.

VERIFIED DOCU SERVICE, INC. a State of California corporation; and JARREN CLORES a.k.a. BRANDON CLORES, an individual;

Defendants.

**Case No.: 2:25-cv-00513-GBW-JHR**

**DEFENDANT JARREN CLORES'S SECOND SUPPLEMENNTAL RESPONSE TO PLAINTIFF RUBEN ESCANO'S SECOND DISCOVERY REQUEST**

PROPOUNDING PARTY: RUBEN ESCANO

RESPONDING PARTY: JARREN CLORES

SET NO.: Two (2)

**RESPONSES TO NTERROGATORIES**

**INTERROGATORY NO. 10:**

Identify all corporations, limited liability companies, partnerships, or other business entities for which you serve or have served as an officer, director, owner, or managing member at any time between August 24, 2013 to present. For each entity, state your title or position, the dates you held that position, and the entity's principal place of business.

**RESPONSE TO INTERROGATORY NO. 10:**

Clores objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. Clores further objects to this interrogatory on the grounds that it seeks to invade Clores' right to privacy protected by the California Constitution and the United States Constitution and is overbroad, burdensome and seeks personal and confidential information. Clores further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Clores objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. Clores further objects to this interrogatory on the grounds that it seeks to invade Clores'

right to privacy protected by the California Constitution and the United States Constitution and is overbroad, burdensome and seeks personal and confidential information. Clores further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

Subject to and without waiving stated objections, Clores responds as follows: Cloresidence, LLC President June 10, 2018 to the present, 201 N. Barryknoll Street, Anaheim California; Digital Direct, LLC, President, 2023 to the present, 201 N. Barryknoll Street, Anaheim California; Verified Docu Service Inc., President, 17875 Von Karman Ave Suite 150, Irvine, California 92614, President, March of 2021 to the present; Verify Debt Solutions INC, President May of 2021 to present, 3200 Bristol Ave, Costa Mesa CA 92626; Verified Lending, President 2023 to the present, 898 South State Street. Suite 310, Orem, Utah 84058; JTM Venture, President May 2021 to the present, no principal place of business; Clear Care, none, no principal place of business; Certify Consulting Group, President 2025 to present, 201 N Barryknoll Street, Anaheim, California 92807;

**<u>INTERROGATORY NO. 11:</u>**

Identify all Communications you have made, from August 24, 2013 to the present, concerning telemarketing, telephone solicitation practices, or compliance with the TCPA.

///

**RESPONSE TO INTERROGATORY NO. 11:**

Clores objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. Clores further objects to this interrogatory in that it calls for information subject to attorney-client privilege and/or the attorney work product doctrine and is overbroad. Clores also objects to this interrogatory in the grounds that it is vague and ambiguous. Clores further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Clores objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Any communications made by Clores has no relevant to whether or not VDS made calls in violation of the Telephone Consumer Protection Act or the New Mexico Unfair Practices Act. Clores further objects to this interrogatory in that it calls for information subject to attorney-client privilege and/or the attorney work product doctrine and is overbroad. Clores also objects to

this interrogatory in the grounds that it is vague and ambiguous. Clores further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**INTERROGATORY NO. 12:**

Identify any consumer complaints, lawsuits, demand letters, or regulatory inquiries relating to telemarketing or the TCPA that you personally handled, reviewed, or were notified of.

**RESPONSE TO INTERROGATORY NO. 12:**

Clores objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. Clores further objects to this interrogatory in that it is overbroad and vague and ambiguous. Clores further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

///

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Clores objects to this interrogatory on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Any complaints and the other material has no relevant to whether or not VDS made calls in violation of the Telephone Consumer Protection Act or the New Mexico Unfair Practices Act. Clores further objects to this interrogatory in that it calls for information subject to attorney-client privilege and/or the attorney work product doctrine and is overbroad. Clores also objects to this interrogatory in the grounds that it is vague and ambiguous. Clores further objects to this interrogatory in that Plaintiff is barred from seeking the information demanded in this interrogatory on the grounds that Plaintiff previously served the same or a similar interrogatory or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**RESPONES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 8:**

Produce documents sufficient to show all compensation paid or awarded to you, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise

dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Clores objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. Clores further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. Clores also objects to this document request on the grounds that it seeks documents subject to the California Constitution's and the United States Constitution's right to privacy and seeks third-party personal and confidential information. Clores further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Clores objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Clores' personal financial information regarding compensation he received

is not relevant to whether or not the calls were made to Plaintiff or whether the calls violated the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Clores further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. The interrogatory is intelligible and vague and ambiguous in that the interrogatory fails to explain how compensation would be tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities. Clores also objects to this document request on the grounds that it seeks documents subject to the California Constitution's and the United States Constitution's right to privacy and seeks third-party personal and confidential financial information. *Valley Bank of Nevada v. Superior Ct.,* 15 Cal.3d 652, 656 (1975). Clores further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**REQUEST FOR PRODUCTION NO. 9:**

Produce documents sufficient to show all compensation paid, awarded, or authorized by you to others, between August 24, 2013 to present, that was tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities (including revenue from leads generated via telemarketing).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Clores objects to this document request on the grounds that it is outside the scope of

discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. Clores further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. Clores also objects to this document request on the grounds that it seeks documents subject to the California Constitution's and the United States Constitution's right to privacy and seeks third-party personal and confidential information. Clores further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Clores objects to this document request on the grounds that it is outside the scope of discovery allowed under Rule 26 in that it requests information that is not relevant to any party's claims or defenses. This interrogatory is not relevant to a party's claims or defenses on the grounds that the claims alleged in this action are based on alleged phone calls by Defendant Verified Doc Service to Plaintiff in violation of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. VDS's payroll and financial information regarding compensation paid to its employees and others not relevant whether the calls alleged calls violated the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act. Clores further objects to this document request in that it is completely unintelligible, overbroad and vague and ambiguous. The interrogatory is intelligible and vague and ambiguous in that the interrogatory fails to explain how

compensation would be tied to, calculated using, conditioned on, or otherwise dependent (in whole or in part) on revenue attributable to telemarketing activities. Clores also objects to this document request on the grounds that it seeks documents subject to the California Constitution's and the United States Constitution's right to privacy and seeks third-party personal and confidential financial information. *Valley Bank of Nevada v. Superior Ct.,* 15 Cal.3d 652, 656 (1975). Clores further objects to this document request in that Plaintiff is barred from seeking the information demanded in this document request on the grounds that Plaintiff previously served the same or a similar document request or other form of discovery seeking the same or similar information and failed to bring a motion to compel within twenty-one (21) day time period set forth in Local Rule 26.6. *Lawyers Title Ins. Corp. v. Dragonfly Development, Inc.*, 2010 WL 11597606 (D.N.M. 2010); *Martinez v. Espanola Public Schools,* 2006 WL 8572343 (D.N.M. 2006); *Galaxy Ventures, LLC. v. Rosenblum*, 2005 WL 8163815 at *4-*5 (D.N.M. 2005).

PHILLIPS LAW CORPORATION

DATED: June 16, 2026

By: Brent R. Phillips

Brent R. Phillips (NM Federal Bar No. 23-268)
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92701
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant Verified Docu Service, Inc. and Defendant Jarren Clores

**VERIFICATION**

I, Jarren Clores, have read the foregoing JARREN CLORES' SUPPLEMENTAL RESPONSES TO RUBEN ESCANO'S INTERROGATORIES and know its contents. I am informed and believe and, on that ground, state that the matters stated in the foregoing document are true.

Executed on June 16, 2026, at Anaheim, California. I declare under the penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

By: Jarren Clores
Jarren Clores

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 105, Santa Ana, California 92705.

June 16, 2026, I served the documents listed below:

**DEFENDANT JARREN CLORES' SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF RUBEN ESCANO'S SECOND DISCOVERY REQUEST**

☐ [MAIL] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Ana, California addressed as set forth on the attached service list.

☐ [OVERNIGHT] by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by

☐ OVERNITE EXPRESS ☐ FEDEX at PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 105, Santa Ana, CA 92705, in accordance with PHILLIPS LAW CORPORATION's ordinary business practices.

☐ [PERSONAL] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ [ELECTRONIC MAIL] by transmitting via electronic mail the document(s) listed above to the electronic mail address(es) set forth below.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 801 Parkcenter Drive, Suite 105, Santa Ana, California 92705 in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**PLEASE SEE ATTACHED SERVICE LIST**

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on June 16, 2026, at Santa Ana, California.

Brent R. Phillips

Brent Phillips

<table>
<tr><td colspan="2" align="center">SERVICE LIST<br><u>Ruben Escano v. Verified Docu Service, Inc., et al.</u><br>United States District Court for the District of New Mexico<br>Case No.: 2:25-cv-00513-GBW-JHR</td></tr>
<tr><td>Ruben Escano, Pro Se<br>2311 Ranch Club Road, Suite 2-180<br>Silver City, NM 88061<br>Tel: (201) 527-8938<br>E-mail: rubenescano@gmail.com</td><td>Attorneys for:<br>Pro Se</td></tr>
</table>