**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RUBEN ESCANO,

Plaintiff,

v.

VERIFIED DOCU SERVICE, INC., and JARREN CLORES a.k.a. BRANDON CLORES,

Defendants.

Case No.: 2:25-cv-00513-SMD-JHR

**JOINT MOTION TO EXTEND DEADLINE TO**
**SUBMIT CLOSING DOCUMENTS AND VACATE OCTOBER 7, 2026 HEARING**

In accordance with Fed. R. Civ. P. 6(b)(1)(B), Plaintiff Ruben Escano and Defendants Verified Docu Service, Inc. and Jarren Clores (collectively, the "Parties") respectfully move the Court to extend the deadline to submit closing documents, (Doc. 117), from September 21, 2026 to December 27, 2026. Additionally, the Parties respectfully move the Court to vacate the October 7, 2026 hearing on that matter, (Doc. 119). In support, the Parties state the following:

1. In the evening of September 22, 2026, Defendants signed the settlement contract the Parties negotiated. As part of that contract, the Parties agreed that Plaintiff would dismiss this case after Defendants satisfied the material terms of the contract.

2. The Parties anticipate Defendants will satisfy the material terms of the contract on or before December 22, 2026, in accordance with the settlement contract. And Plaintiff intends to file for dismissal of this case within five days of that date.

3. Accordingly, the need for any hearing is mooted by the fact that the Parties have executed a settlement contract which will lead to the conclusion of this case without the

expenditure of further Court resources. Additionally, the extension of time to file closing documents is needed because the Parties negotiated that the case would be dismissed after Defendants satisfy the material terms of the contract, which Defendants anticipate doing on or before December 22, 2026.

4. As for the requested extension of time, when a deadline has expired, the Court may extend it on motion if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable determination that considers all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Each factor favors an extension here. First, the Parties jointly move for this extension, so no party will be prejudiced by it. Second, the delay is in accordance with the Parties' settlement contract, and it will not disrupt these proceedings. To the contrary, the extension will allow the Parties to complete the settlement contract's terms and conclude this litigation. Third, the delay resulted from the time needed to execute the settlement contract. The closing documents deadline passed on September 21, 2026, *after* Plaintiff had signed the contract and was awaiting Defendants' signatures.[1] Defendants signed the contract after the deadline, on the evening of September 22nd. Fourth, the Parties acted in good faith and have worked to finalize a contract. The contract conditions dismissal on Defendants' performance of its material terms, which is expected on or before December 22, 2026, so an extension is needed for the Parties to carry out their agreement without further expenditure of Court resources.

[1] As for Plaintiff, he mistakenly did not calendar the September 21, 2026 deadline. Plaintiff sincerely apologizes to the Court for the oversight as to that deadline.

5. For the foregoing reasons, the Parties respectfully request that the Court extend the deadline to submit closing documents to December 27, 2026 and vacate the October 7, 2026 hearing.

Dated this 23rd day of September 2026.

Respectfully submitted,

By: */s/ Ruben J. Escano*

**Ruben J. Escano**, *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
rubenescano@gmail.com
(201) 527-8938

*(approved via email 9/23/26)*

**Brent R. Phillips**
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92701
bphillips@phillipslawcorporation.com
*Attorney for Defendant Verified Docu Service, Inc. and Defendant Jarren Clores*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 23rd day of September 2026, the foregoing was filed electronically through the CM/ECF system, causing all parties or counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

Dated: September 23, 2026

By: */s/ Ruben J. Escano*
**Ruben J. Escano**, *pro se*